UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL BEIER,

    Plaintiff,

v.                                                                                Case No. 06-C-385

HOFFMASTER CO., INC.,

    Defendant.

**DECISION AND ORDER**

This case arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* Paul Beier, who has diabetes, high blood pressure and suffers migraine headaches, alleges that his employer, the Hoffmaster Company, discriminated against him when it refused his requests to be relieved from mandatory overtime work. Hoffmaster has moved for summary judgment, arguing that Beier is not disabled and that, even if he is, Hoffmaster made reasonable accommodations for him. For the reasons given below, the motion will be granted.

**I. Background**

Beier was hired as a maintenance mechanic in 1989, and at various times since then the company has accommodated his requests, which he supported with doctor's notes, to be relieved of the company's mandatory overtime requirements. This all changed in 2004, when management began requiring all employees to work mandatory overtime when needed.

In February 2004, Beier's doctor wrote a note stating his belief that Beier should be limited to a 40-hour work week:

> Paul has been on work restrictions in the past and I believe it is important to continue these work restrictions. He has health conditions including hypertension and migraines that are worsened by stress and overworking. The patient has been proven to have elevated blood pressure when he is working overtime as compared to normal and well controlled blood pressure on medications when he is not working overtime. In addition his migraines are worsened by increased working hours. This also may be due to stress and overwork, possibly also to triggers in the work environment. Due to the patient's hypertension and migraines, I again feel that it is critical that his work is restricted to 40 hours per week. The patient has no other restrictions.

(Beier Aff., Ex. C.)

Soon after his doctor wrote the company, Beier himself made a formal request to be limited to a 40-hour week. In it he stated:

> Although I am taking mitigating measures for these conditions such as numerous medications, my medical history shows these measures don't work when I work overtime, due to the stress caused by my past relationship with my direct supervisor, working under fluorescent lights for long periods of time, and other triggering factors at work.

(Beier Aff., Ex. A.) After receiving additional information from Beier's physician, the company denied his request and Beier has since been forced to work overtime or use sick time to be excused. His records indicate that he has worked as many as twelve overtime hours in a single week, although usually he works only one half-hour of overtime each week. (Beier Aff., ¶ 51.) Beier does emphasize a period during the summer of 2005 in which he had been scheduled for several hours of overtime but, due to his migraines, he had to use up nearly all of his sick time to avoid working the hours.

Beier believes his chronic migraine headaches, high blood pressure and type II diabetes substantially limit his major life activities such as working, seeing, hearing, thinking and properly interacting with people. He states that he experiences a migraine roughly every two to three days,

2

sometimes lasting hours or longer. A migraine impacts Beier's ability to see clearly, lift objects, maintain focus, and generally interact with people. His diabetes is best controlled by eating several small meals, but his supervisors at work will not allow him any extra breaks. Thus, his blood sugar fluctuates more than it would at home and exacerbates his diabetes. Adding to the stress of working is his claim that a Hoffmaster supervisor dislikes him and even has a bullet with Beier's name engraved on it. (Beier Aff., ¶ 26.) In general, he believes these things show that the company has failed to make reasonable accommodations for his disabilities.

**II. Analysis**

Summary judgment may be granted only if there are no genuine issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Here, although the case has not advanced through significant discovery, the factual record has been well-developed and the parties do not dispute any of the material facts.

The parties agree that Beier must show that: 1) Beier is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8); 2) the employer was aware of his disability; and 3) Hoffmaster failed to reasonably accommodate the disability. At issue in this case are the first and third components. Hoffmaster claims that Beier is not a qualified individual with a disability and that, even if he is, the company reasonably accommodated his disabilities.

**1. Qualified Individual with a Disability**

The bulk of the parties' efforts are directed at the question of whether Beier was disabled under the ADA. As defined in the ADA, the term "disability" means "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). In reviewing a plaintiff's claim of disability, a court must first determine

3

whether the individual suffers an impairment. If so, the question is whether the life activities allegedly impacted are "major" life activities under the ADA. If they are, the court must determine whether the major life activities are "substantially limited" by the impairment. *See Furnish v. SVI Systems, Inc.,* 270 F.3d 445, 449 (7th Cir. 2001) (citing *Bragdon v. Abbott,* 524 U.S. 624, 631-639 (1998)). "The term 'substantially limits,' like the other terms within the ADA, is 'interpreted strictly to create a demanding standard for qualifying as disabled.'" *Kupstas v. City of Greenwood,* 398 F.3d 609, 612 (7th Cir. 2005) (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197 (2002)).

The defendant concedes that Beier suffers from various physical and/or mental impairments, and so the salient question is whether these impairments substantially limit any of Beier's major life activities. Beier claims his impairments substantially limit his ability to work, which the applicable regulation deems a major life activity.[1] The migraines affect him because his ability to control them with medication is limited given the stress resulting from his relationship with his supervisor and the need to work under fluorescent lights for extended periods. He notes that one district court has found that the plaintiff's suffering of migraines precluded entry of summary judgment. In *Hendry v. GTE North, Inc.,* the court observed:

> when Hendry gets a migraine headache, she is not able to drive a car, eat or drink, and on several occasions in the past, she vomited at work. Her equilibrium would also suffer, such that she could not get out of bed or stand. Her symptoms would be controlled only intermittently through medication. Thus, on this record, a question of fact exists as to whether Hendry was limited in a major life activity, i.e., working.

896 F. Supp. 816, 822-823 (N.D. Ind. 1995).

---

[1] The Equal Employment Opportunity Commission Regulations interpreting the ADA describe major life activities as activities such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

4

Beier also argues that his diabetes substantially limits his ability to work because the restrictions at his workplace do not allow him to adequately regulate his blood sugar. Beier's more general claim, however, is that the combination of impairments he suffers substantially limits his ability to work. Combining ailments is allowed by the applicable regulation: "[m]ultiple impairments that combine to substantially limit one or more of an individual's major life activities also constitutes a disability. Some impairments may be disabling for particular individuals but not for others, depending on the presence of other impairments that combine to make the impairment disabling." 29 C.F.R. Pt. 1630, app. § 1630.2(j). Beier believes the existence of the impairments he cites precludes summary judgment because he has at least created a genuine issue of material fact as to whether his impairments substantially limit a major life activity.

It is certainly true that courts have found that diabetes and migraine headaches can constitute disabilities as defined in the ADA. Yet it is not enough for the plaintiff to simply point to various diagnoses and claim that they are disabling, i.e., substantially limiting in a major life activity. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483 (1999) ("The definition of disability also requires that disabilities be evaluated 'with respect to an individual' and be determined based on whether an impairment substantially limits the 'major life activities of such individual.' Thus whether a person has a disability under the ADA is an individualized inquiry.") Accordingly, the fact that Beier has diabetes and suffers migraines is not dispositive of the disability question; what matters is the extent of the impairments and whether they limit a major life activity.

Beier recognizes that the inquiry is individualized and has attempted to demonstrate how his impairments affect his ability to work. He cites various episodes in which his migraine headaches prevented him from working a full schedule, and he has also described how his blood

5

sugar cannot be properly managed while on the job. The central problem for Beier is that he is able to work a standard work week; his claim is not that he cannot work at all, but merely that he cannot work overtime. It should be axiomatic that an individual who can perform the typical expectations of a major life activity is not "substantially limited" in that life activity. The Eighth Circuit addressed a similar claim and concluded the plaintiff was not disabled; like Beier, the plaintiff in that case requested a reduced work schedule:

> Berg claims that her diabetes is disabling because it limits her major life activity of working by: limiting her to a 40- to 50-hour work week; causing her continuous joint pain; causing her difficulty with her speech; and making it difficult to focus on her job due to the pain. However, she admits that she could effectively perform her duties at Norand if her work load was reduced to 40 to 50 hours per week. Berg's only request for an accommodation is for reduced hours.

*Berg v. Norand Corp.,* 169 F.3d 1140, 1145 (8th Cir. 1999). Even if "working" is a major life activity, certainly "working overtime" is not, and because overtime is the primary work-related limitation Beier cites, I conclude he has not provided any evidence that his disabilities substantially limit the major life activity of working. *See also Rooney v. Koch Air, LLC,* 410 F.3d 376, 381 (7th Cir. 2005) (noting that "the inability to perform a particular job does not normally 'constitute a substantial limitation in the major life activity of working.'") (quoting 29 C.F.R § 1630.2(j)(3)(i)).

Indeed, the Seventh Circuit has noted that a plaintiff relying on limitations to his ability to work must cite "evidence of general employment demographics and/or of recognized occupational classifications that indicate the approximate number of jobs (e.g., 'few,' 'many,' 'most') from which an individual would be excluded because of an impairment." *Kupstas,* 398 F.3d at 612 (citing 29 C.F.R. Pt. 1630, App. § 1630.2(j)). Thus, "except in 'rare cases in which the [plaintiff's] impairments are so severe that [his] substantial foreclosure from the job market is obvious,' he must

present 'some evidence of the number and types of other jobs' in the geographic region, from which he would be excluded because of his perceived impairments." *Id.* (quoting *EEOC v. Rockwell Int'l Corp.,* 243 F.3d 1012, 1017-18 (7th Cir. 2001)). Here we have no such evidence; in fact, because Beier is generally able to perform his present job adequately (apart from the overtime requirement), it is difficult to envision his impairments as disqualifying him from work generally. Accordingly, I conclude Beier is not substantially limited in his ability to work.

Beier also makes a conclusory argument that he is substantially limited in "several major life activities," although his cursory efforts would justify a finding that he has waived such arguments. In any event, Beier claims that his impairments affect his ability to drive (he sometimes gets tunnel vision) and can sometimes impact his ability to read. In addition, during a migraine, his ability to climb stairs or lift objects is affected. His diabetes requires insulin shots, and his migraines affect his relationships and cause his coworkers to regard him as "grumpy." (Beier Aff., ¶¶ 28-44.)

There is no question that migraine headaches can cause severe discomfort and that diabetes requires treatment and dietary restrictions. Doubtless, too, suffering from medical impairments can affect one's mood and ability to interact with others. Yet the testimony contained in Beier's affidavit merely shows that these are impairments, not that they *substantially* limit any *major* life activities. As courts routinely note, the "substantially" requirement is meant to enforce the ADA's narrow definition of disability. *Kupstas v. City of Greenwood,* 398 F.3d at 612. The ADA, in other words, does not protect those who are impaired or in pain unless they are truly disabled, and Beier's impairments do not rise to this level. He has demonstrated that during a migraine headache he is limited in his ability to drive, communicate, climb stairs, etc. He is also impaired in his ability to

7

maintain his blood sugar levels. These conditions reveal that Beier experiences discomfort and limitations while suffering from a migraine headache; they also show that the overtime requirement may exacerbate Beier's diabetes. Although they demonstrate some limitation in ability, neither condition shows that Beier is disabled under the ADA, i.e., substantially limited in a major life activity.[2]

In *Burks v. Wisconsin Dept. of Transp.,* the Seventh Circuit rejected a disability claim of a plaintiff who was able to work a standard eight-hour day. 464 F.3d 744, 756 (7th Cir. 2006). Like Beier, the plaintiff claimed she was limited in several activities, including sitting, sleeping, and seeing. The court affirmed the grant of summary judgment to the defendant, finding the plaintiff's claims did not rise to the level of substantial impairments. Among other things, the court noted that even complete loss of sight in one eye and the inability to drive at night were not substantial limitations. *Id.* If complete loss of sight in one eye is not a disabling impairment, it would seem to follow that temporary losses of sight and other temporary physical limitations stemming from Beier's impairments are also not disabling.

Practically speaking, Beier's claims are largely undermined by the fact that he is actually able to work a standard week of work. Because the broadly defined activity of "working" also encompasses such activities as walking, seeing, hearing, breathing and the other major life activities listed in 29 C.F.R. § 1630.2(i), without more concrete evidence Beier is simply unable to demonstrate he is substantially limited in a major life activity. The Eleventh Circuit rejected a similar amalgamated claim of disability, noting the plaintiff's ability to work a full work week:

---

[2]In addition, other various impairments cited – such as social isolation – do not rise to the level of substantial limitations in major life activities.

8

> In short, Cash has established that she occasionally suffers from focal seizures, but she has not shown that these seizures have limited any of her major life activities. The same is true of her diabetes, migraines, and depression; while they certainly have had an adverse impact on Cash's life, there is no evidence that they have limited her in a major life activity. The most telling evidence on this point is Cash's own deposition testimony, in which she stated that despite all of her ailments, she considers herself an active person who walks, swims, fishes, and had held a 40-hour-a-week job for the previous eight years.

*Cash v. Smith,* 231 F.3d 1301, 1306 (11th Cir. 2000).

Like the plaintiff in *Cash,* Beier has failed to establish a genuine issue of material fact on the issue of disability. Therefore, it is not necessary to address the question of whether he was provided reasonable accommodations. Accordingly, the defendant's motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED** this   17th   day of November, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge